IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **VALERIE J. MCCLORY, an individual, and MICHAEL A. MCCLORY, an individual, jointly as husband and wife, and severally as individuals;** | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | Case No. 2:15-cv-778-PMW |
| v. | |
| **(The Estate of) JERALD KEEN, deceased,** | |
| Defendant. | Magistrate Judge Paul M. Warner |

On April 12, 2016, all parties consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is (the Estate of) Jerald Keen's ("Defendant") motion to dismiss.[2] The court has carefully reviewed the written motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Valerie and Michael McClory ("Plaintiffs"), residents of Utah, visited Hawaii as guests of Defendant, a resident of California. During the trip, on November 5, 2013, Plaintiffs were

---

[1] *See* docket no. 14.

[2] *See* docket no. 6.

1

passengers in a rental car driven by Defendant.  Plaintiffs allege that Defendant operated the vehicle in a negligent manner and caused an automobile accident in which Plaintiffs suffered serious bodily injuries. Following the accident, Plaintiffs sought medical treatment in Utah.

On November 11, 2015, Plaintiffs filed suit against Defendant in Utah for injuries sustained as a result of the accident.  Defendant filed a motion to dismiss for lack of personal jurisdiction on the grounds that Defendant does not have sufficient minimum contacts with Utah.

"Where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).  "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57.  "When evaluating the prima facie case, the court is bound to resolve all factual disputes in favor of the plaintiff in determining whether he has made the requisite showing." *Id.*  "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."  *Wenz v. Memery Crystyal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (quotations and citation omitted).  Utah's long-arm statute supports asserting "jurisdiction to the fullest extent permitted by the due process clause."  *First Mortgage Corp. v. State Street Bank and Trust Co.*, 173 F.Supp.2d 1167, 1173 (D. Utah 2001).  "Personal jurisdiction over a nonresident defendant

satisfies due process if there are sufficient 'minimum contacts between the defendant and the forum State.'" *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Can. Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). "The minimum contacts may support specific jurisdiction or general jurisdiction." *Id.*

Specific jurisdiction requires that a defendant "have sufficient minimum contacts with the forum state, and jurisdiction over the defendant cannot offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987)). Specific jurisdiction over a nonresident defendant is established "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). However, "[w]here a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984). "Where a court has general jurisdiction over a defendant, that defendant may be called into that court to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *American Fidelity Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1238 (quotations and citation omitted). However, those contacts must be "'so continuous and systematic as to render [him] essentially at home in the forum State.'" *Fireman's Fund Ins. Co.*, 703 F.3d at 493 (quoting *Goodyear Dunlop Tires Operations, S.A. v.*

*Brown*, 564 U.S. 915, 919 (2011)). "'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.'" *Goodyear*, 564 U.S. at 919.

Plaintiffs argue that the court has general personal jurisdiction over Defendant. Specifically, Plaintiffs allege that Defendant spoke daily on the telephone with his daughter in Utah, he made an annual trip to Utah and rented the same home for three weeks to a month, he had friends in Utah that he called on the telephone, and he sent the information about the Hawaii trip to Plaintiffs in Utah.  However, these activities fail to meet the threshold of "substantial and continuous" activity that is required for general personal jurisdiction.  Furthermore, this court does not have specific personal jurisdiction over Defendant as the events giving rise to the lawsuit occurred outside of Utah.  The parties' Hawaiian vacation had nothing to do with Utah. Defendant made the reservations for the hotel and rental car in Hawaii from his home in California.  The accident occurred in Hawaii.  While Plaintiffs are residents of Utah, sought additional medical care in Utah, and retained expert witnesses in Utah, these unilateral actions of Plaintiffs do not establish personal jurisdiction over Defendant.

Based on the foregoing, this court concludes that Plaintiffs have failed to establish that this court has either general or specific personal jurisdiction over Defendant.  Accordingly, Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 6th day of October, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge